# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PRIEST DELON BUTLER,

                    Plaintiff,

v.                                                          Case No. 20-CV-1834-JPS

GOOGLE LLC, YOUTUBE, and
ALPHABET, INC.,                                             **ORDER**

                    Defendants.

On December 11, 2020, Plaintiff Priest Delon Butler ("Butler") filed a pro se complaint against Defendants Google and YouTube, in which he alleges a series of defamation and contract-related claims. (Docket #1). Butler then filed two amended complaints, wherein he added Alphabet, Inc. as the "parent company" of Google and YouTube, as a Defendant. (Docket #19, #21). This Order addresses Google and YouTube's ("Moving Defendants") motion to dismiss, (Docket #25).

## 1.      LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides for the dismissal of complaints which, among other things, "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*,

810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555–56).

## 2.    RELEVANT ALLEGATIONS

Butler filed his complaint in December 2020. (Docket #1). He sent a copy of the complaint to Moving Defendants, along with a waiver of service dated September 9, 2021. (Docket #9-1 at 2). Moving Defendants waived service. (*Id.*) After Moving Defendants filed a corporate disclosure statement, Butler amended his complaint to add Alphabet, Inc. as a defendant. (Docket #19).[1]

It appears that Butler has a channel on YouTube, an online platform that permits individuals to post videos that comply with its terms of service and community guidelines. (Docket #19 at 2–3). YouTube also allows individuals to earn advertising revenue through advertisers' contracts with

---

[1] The Court will treat Butler's First Amended Complaint, (Docket #19), as the operative complaint in this matter. Although Butler filed a Second Amended Complaint, (Docket #21), he did not obtain the Court's leave or Defendants' consent to do so, as required. Fed. R. Civ. P. 15(a)(2). Moving Defendants proceeded with their motion using the First Amended Complaint as the operative complaint. (Docket #26 at 8 n.2). Further, as Moving Defendants note, Plaintiff did not change the substance of his allegations in his Second Amended Complaint.

YouTube. (*Id.*) Google owns YouTube, and Google is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc. (Docket #16).

According to Butler, from late 2016 to 2020, YouTube began flagging his videos as "[n]ot suitable for most advertisers" or "18+ Adult Only Content," which prevented his videos from earning "a significant amount" of ad revenue. (Docket #19 at 3–4). Butler also alleges that YouTube flagged his videos as "[n]ot suitable for most advertisers" due to violence, but that his videos did not contain violent content. (*Id.* at 3). Butler states that "human reviewers" examined his videos and that Moving Defendants relied on their recommendations as to whether Butler's videos should be flagged. (*Id.*)

In the present suit, Butler brings three claims. Count One, titled "breach of contract/ad revenue theft/prevention of earned ad revenue," alleges that Defendants breached the parties' "Ad Revenue Contract Agreement" by strategically flagging his videos as not suitable for most advertisers, with the purpose of preventing Butler from receiving ad revenue. (*Id.* at 3). Butler states that the "not suitable for most advertisers" flag appears on his videos "whenever spikes in video views or ad revenue or both are detected;" he alleges that his videos are unflagged whenever viewership or ad revenue drop. (*Id.*) Butler writes that "[t]he Defendants['] actions are making sure [his] videos will never honestly earn the agreed upon 55/45 percentage split [in ad revenue]." (*Id.*)

Count Two, titled "defamation of character," alleges that Defendants' flagging of Butler's videos as "[n]ot suitable for most advertisers" due to violence defamed Butler because his videos did not, in fact, contain violent content. (*Id.*) He states that Moving Defendants have "defamed [his] character as an honest and completely transparent YouTube

Channel Owner and Content Creator." (*Id.*) He alleges that Defendants would not allow him to appeal the human reviewers' findings.

Count Three, titled "further act(s) to prevent earned ad revenue," alleges that Defendants restricted some of Butler's videos, including a "PC Software Showcase video," and other similarly titled videos, as "18+ Adult Only Content," which prevented the video from earning ad revenue. (*Id.* at 3–4). As with Count One, Butler states that his videos are flagged as they receive more viewership and ad revenue. (*Id.* at 4).

Butler's written complaint ends there. However, he submitted two flash drives to the Court containing screenshots and screen recordings of his YouTube channel. (Docket #1, #5). In many of his screen recordings, Plaintiff has inserted audio of himself narrating his version of events as he clicks through pages on his YouTube channel; he also includes captions that appear and disappear from the screen as the screen recordings play. He has added descriptive (and often argumentative) file names to many of the attachments (e.g., "Proof-Video a YouTube Human Reviewer Falsely & Purposely Cited as Having Extreme Violence to Stop Revenue"). Some file names include references to "Nude Mods" or "Key and Peele Sex Detective Uncensored."[2] It is unclear which elements of these videos are as they appear on Butler's YouTube channel and which elements he edited into the videos for purposes of this case. Without *written* explanation of why the Court should parse through these videos and images—many with

_____

[2] It appears that Butler included the "Key and Peele Sex Detective Uncensored" video not as an example of a video on his page, but rather as an example of a video that did not receive a flag, but which Butler believes should have in comparison to his videos.

unseemly titles—the Court will not engage with them.[3] Even a pro se plaintiff can be expected to know that this is not how one formats legal allegations in a federal lawsuit:



Moving Defendants base their motion to dismiss on First Amendment defenses and defenses allegedly available under the Communications Decency Act, as well as on Butler's failure to state a claim. (Docket #26).

3.    **ANALYSIS**

Generally, federal courts can preside over cases in two situations: (1) where the action "aris[es] under the Constitution, laws, or treaties of the United States," and (2) "where the matter in controversy exceeds the sum

---

[3]Butler provides an "evidence disclosure statement" in which he lists the files and provides short explanations. However, this disclosure statement is no more helpful than the file names. (Docket #1-2, #5).

Case 2:20-cv-01834-JPS   Filed 03/08/22   Page 5 of 8   Document 31

or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332.

In the present case, Butler's claims do not arise under federal law. He brings contract and defamation claims, which fall under state law. Further, while Moving Defendants' defenses rely on federal law, the presence of a federal-law defense does not supply subject-matter jurisdiction under § 1331. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses.") (citations omitted). Accordingly, § 1331's federal-question jurisdiction does not apply.

Thus, for the Court to have jurisdiction over this case, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States." 28 U.S.C. § 1332. Based on Butler's allegations, the parties appear to be diverse; Butler is a citizen of Wisconsin and Defendants are headquartered in California. But it is immediately evident on the face of Butler's complaint that this case might not meet the amount-in-controversy requirement.

Butler's only statement of damages is a request for $25,000,000 in punitive damages. (Docket #19 at 5). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943); *see also LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Thus, "where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law." *LM Ins. Corp.*, 533 F.3d at 551 (citations omitted). Second, if punitive

damages are available under state law, "subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id.* (citations omitted).

Moving Defendants did not consider subject matter jurisdiction in their briefing. Their briefing instead focuses on federal-law defenses, such as the Communications Decency Act and the First Amendment. (Docket #26). It is paramount, however, that a federal court ensure it has jurisdiction before it reaches the merits of a case that is better brought in state court. Butler may be able to pursue punitive damages on his state law claims; such punitive damages may also be able to exceed $75,000. But, without any discussion by the parties—other than Butler's seemingly steep request for $25,000,000 in punitive damages—the Court is not convinced that it has the authority to enter a merits-based order. Accordingly, the Court will order the parties to brief the issue of subject-matter jurisdiction.

4.      SERVICE OF ALPHABET, INC.

In his amended complaint, Butler adds Alphabet, Inc. as a Defendant in this matter. (Docket #19). It does not appear that Butler attempted service on Alphabet, Inc. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The ninety-day deadline expired in February 2021. The Court will require that, within fourteen (14) days of the entry of this Order, Butler must

provide evidence of service or otherwise explain why good cause exists to extend the Rule 4(m) deadline. Failure to do so will result in dismissal of Alphabet, Inc. from this action without prejudice and without further notice. *See* Fed. R. Civ. P. 4(m).

**5.      CONCLUSION**

The parties are ordered to brief the Court on subject-matter jurisdiction, as set forth in the schedule below. If the Court ultimately finds that it has subject-matter over this case, it will revisit the pending motion to dismiss, (Docket #25). The Court also orders Butler to submit proof of service on Alphabet, Inc. within fourteen (14) days.

Accordingly,

**IT IS ORDERED** that Moving Defendants submit a brief discussing the Court's subject matter jurisdiction over this case by **March 29, 2022**; Butler must respond by **April 19, 2022**; Moving Defendants may submit a reply by **May 3, 2022**; and

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the entry of this Order**, Butler must provide evidence of service on Alphabet, Inc. or otherwise explain why good cause exists to extend the Federal Rule of Civil Procedure 4(m) deadline for service.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge