# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PRIEST DELON BUTLER, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, YOUTUBE LLC, and ALPHABET, INC., <br><br> Defendants. | Case No. 20-CV-1834-JPS <br><br><br> **ORDER** |

On December 11, 2020, Plaintiff Priest Delon Butler ("Butler") filed a pro se complaint against Defendants Google LLC ("Google") and YouTube LLC ("YouTube"), in which he alleges a series of defamation and contract-related claims. ECF No. 1. Butler then filed two amended complaints, wherein he added Alphabet, Inc. ("Alphabet"), the "parent company" of Google and YouTube, as a Defendant (together with Google and YouTube, "Defendants"). ECF Nos. 19, 21. On November 10, 2021, Butler filed a motion for default judgment. ECF No. 18. On December 8, 2021, Google and YouTube filed a motion to dismiss for failure to state a claim. ECF No. 25.

Without ruling on the merits of either motion, on March 8, 2022, the Court ordered the parties to brief the Court on subject matter jurisdiction. ECF No. 31. The parties fully briefed subject matter jurisdiction and, on May 5, 2022, the Court ordered the parties to conduct limited jurisdictional discovery on the amount of Butler's actual damages, having determined that Butler is unable to recover the punitive damages he requests in his First Amended Complaint. ECF Nos. 38, 39, 44, 48.

Separately, on May 4, 2022, Butler submitted a proposed third amended complaint removing Alphabet as a defendant. ECF Nos. 46, 47. Alphabet, for its part, then moved to dismiss Butler's claims against it on May 9, 2022. ECF No. 51. The parties have since engaged back-and-forth in the form of argumentative letters filed on the docket regarding whether the Court should dismiss Alphabet via Butler's proposed third amended complaint or via Alphabet's motion to dismiss. ECF Nos. 54, 58, 60, 61.

In the meantime, the parties engaged in limited jurisdictional discovery pursuant to the Court's May 5, 2022 order. Butler filed his accounting statement on May 10, 2022, ECF No. 53, and his response to Defendants' jurisdictional document requests on May 20, 2022, ECF No. 56. Defendants filed their accounting statement on June 16, 2022, ECF No. 62, to which Butler filed a response on June 17, 2022, ECF No. 63.

As set forth in this Order, because the parties' submissions, construed together, reveal that Butler's actual damages during the relevant timeframe total between $400.00 and $600.00, the Court is constrained to dismiss this action without prejudice based on lack of subject matter jurisdiction. Butler is, of course, able to refile his case in state court. The Court further denies Butler's motion for default judgment, ECF No. 18, Google and YouTube's motion to dismiss, ECF No. 25, and Alphabet's motion to dismiss, ECF No. 51, as moot.

1.    **LEGAL STANDARD**

Generally, federal courts can preside over cases in two situations: (1) where the action "aris[es] under the Constitution, laws, or treaties of the United States," and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332.

In the present case, Butler's claims do not arise under federal law. He brings contract and defamation claims, which fall under state law. Further, while Defendants' defenses rely on federal law, the presence of a federal-law defense does not supply subject-matter jurisdiction under § 1331. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses.") (citations omitted). Accordingly, § 1331's federal-question jurisdiction does not apply.

Thus, for the Court to have jurisdiction over this case, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States." 28 U.S.C. § 1332. Based on Butler's allegations, the parties appear to be diverse; Butler is a citizen of Wisconsin and Defendants are headquartered in California.

Butler's only statement of damages on the face of his First Amended Complaint, as well as his proposed second and third amended complaints, is a steep request for $25,000,000 in punitive damages. ECF No. 19 at 5; ECF No. 21 at 5; ECF No. 47 at 5. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943); *see also LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). Thus, "where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law." *LM Ins. Corp.*, 533 F.3d at 551 (citations omitted). Second, if punitive damages are available under state law, "subject matter jurisdiction exists unless it is

'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *Id.* (citations omitted).

**2.     RELEVANT ALLEGATIONS**

Butler filed his Complaint on December 11, 2020. ECF No. 1. After Google and YouTube filed a corporate disclosure statement, Butler amended his complaint to add Alphabet[1] as a defendant. ECF No. 19.[2] The First Amended Complaint raises three claims, all stemming from Defendants' alleged removal, age restriction, and/or demonetization of the videos Butler posts to his channel on YouTube.

YouTube is an online platform that permits individuals to post videos that comply with its terms of service and community guidelines. *Id.* at 2–3. YouTube also allows individuals to earn advertising revenue through advertisers' contracts with YouTube. *Id.*

According to Butler, from late 2016 to 2020, YouTube began flagging videos on Butler's YouTube channel as "[n]ot suitable for most advertisers" or "18+ Adult Only Content." *Id.* at 3. Butler alleges that this was a purposeful effort to prevent his videos from earning "a significant amount"

---

[1]Google owns YouTube, and Google is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet. ECF No. 16.

[2]The Court will treat Butler's First Amended Complaint, ECF No. 19, as the operative complaint in this matter. Although Butler filed a Second Amended Complaint, ECF No. 21, he did not obtain the Court's leave or Defendants' consent to do so, as required. Fed. R. Civ. P. 15(a)(2). Further, Butler did not change the substance of his allegations in his Second Amended Complaint. Finally, the Court need not address Butler's request for leave to file a third amended complaint solely to remove Alphabet, ECF Nos. 46–47, on the basis of its holding herein that it lacks subject matter jurisdiction over this action. The Court notes parenthetically, however, that the substance of Butler's allegations has not changed in the proposed third amended complaint. ECF No. 47.

of ad revenue. ECF No. 19 at 3–4. Butler also contends that YouTube flagged his videos as "[n]ot suitable for most advertisers" due to violence, but that his videos do not contain violent content. *Id.* at 3.

In the present suit, Butler brings three claims. Count One, titled "breach of contract/ad revenue theft/prevention of earned ad revenue," alleges that Defendants breached the parties' "Ad Revenue Contract Agreement" by strategically flagging his videos as not suitable for most advertisers, with the purpose of preventing Butler from receiving ad revenue or "demonetizing" Butler's videos. *Id.* at 3. Butler states that the "not suitable for most advertisers" flag appears on his videos "whenever spikes in video views or ad revenue or both are detected"; he alleges that his videos are unflagged whenever viewership or ad revenue drop. *Id.* Butler writes that "[t]he Defendants['] actions are making sure [his] videos will never honestly earn the agreed upon 55/45 percentage split [in ad revenue]." *Id.*

Count Two, titled "defamation of character," alleges that Defendants flagged Butler's videos as "[n]ot suitable for most advertisers" based on findings by "human reviewers." *Id.* The human reviewers recommended that the videos be flagged due to violence. *Id.* Butler contends that Defendants' agreement with the human reviewers' recommendation and subsequent flagging of his videos defamed Butler because his videos did not, in fact, contain violent content. *Id.* Specifically, Butler states that Defendants have "defamed [his] character as an honest and completely transparent YouTube Channel Owner and Content Creator." *Id.* Butler further alleges that Defendants would not allow him to appeal the human reviewers' findings of violence, which Butler maintains were untruthful and "highly questionable." *Id.*

Count Three, titled "further act(s) to prevent earned ad revenue," alleges that Defendants restricted some of Butler's videos, including a "PC Software Showcase video," and other similarly titled videos, as "18+ Adult Only Content," which prevented the videos from earning ad revenue. *Id.* at 3–4. As with Count One, Butler states that his videos are flagged as they receive more viewership and ad revenue. *Id.* at 4.

**3.    ANALYSIS**

As the Court held in its May 5, 2022 order, ECF No. 48, Counts One and Three of Butler's First Amended Complaint allege state law claims for breach of contract, for which punitive damages are not available as a remedy in Wisconsin. ECF No. 48 at 5 (quoting *Mohns Inc. v. BMO Harris Bank Nat'l Assoc.*, 954 N.W.2d 339, 356 (Wis. 2021) ("Under Wisconsin law, punitive damages are not available as a remedy in a breach of contract action.") (quotations omitted)).

The Court also held in its May 5, 2022 order, ECF No. 48, that it is legally certain that Butler will not recover the requisite jurisdictional amount in punitive damages for the defamation claim set forth in Count Two of his First Amended Complaint. The Court observed that, in Wisconsin, punitive damages are recoverable for only "those personal torts, which are malicious." ECF No. 48 at 5 (quoting *Entzminger v. Ford Motor Co.*, 177 N.W.2d 899, 903 (Wis. 1970)). Accordingly, "express malice" is a required element to recover punitive damages in a defamation action. *Id.* (quoting *Laughland v. Beckett*, 870 N.W.2d 148, 172 (Wis. Ct. App. 2015)). Express malice requires a showing of "ill will, envy, spite, [or] revenge." *Id.* (quoting *Laughland*, 870 N.W.2d at 172; *Calero v. Del Chem. Corp.*, 228 N.W.2d 737, 743 (Wis. 1975)).

Construing Butler's amended complaint liberally, the Court held that Butler has not alleged sufficient facts to demonstrate express malice. *Id.* The Court further found that the closest Butler comes to a showing of express malice is his allegation that Defendants ignored his appeals of the human reviewers' determinations of violence and/or upheld the human reviewers' determinations; such human reviewers' determinations were made pursuant to Defendants' video-flagging policy. *Id.* (citing ECF No. 19 at 3). The Court held that Butler does not allege that Defendants did so with the requisite degree of ill will, spite, envy, or revenge to constitute express malice. *Id.* (quoting *Booker v. Johnsonville Sausage LLC*, No. 16-CV-1047-JPS, 2017 WL 2773670, at *2 (E.D. Wis. June 26, 2017) ("While the Court is required to liberally construe Plaintiff's pro se filings, it cannot create factual allegations from whole cloth.")). Thus, the Court held, it was legally certain that Butler would not be able to recover punitive damages for his defamation claim.[3]

However, because Butler is proceeding pro se, the Court "forg[a]ve the kinds of technical pleading errors non-lawyers might make" and gave

---

[3]The Court noted in its May 5, 2022 order, and reiterates here, that in his opposition brief on subject matter jurisdiction, Butler cited a variety of sources that led him to the conclusion that a Wisconsin state court cannot hear a claim seeking damages over $10,000 and, therefore, his case must be heard in federal court. ECF No. 39 at 1–2. This is not the case. While it is true, as Butler argues, that there are jurisdictional monetary limitations for Wisconsin *small claims* courts, Wis. Stat. § 799.01, those limits do not apply to the *entire* Wisconsin state court system. Accordingly, a Wisconsin state court, other than a small claims court, would have jurisdiction over a lawsuit raising claims for over $10,000. A federal court, as explained above, *supra* Section 1, has jurisdiction over cases that are between citizens of different states and where the amount in controversy exceeds $75,000.

Butler another bite at the proverbial apple. *Booker*, 2017 WL 2773670, at *2.

This was because the Court observed that, in Butler's opposition brief on subject matter jurisdiction, he stated,

> There is no way the Plaintiff, in this legal matter, will be able to prove actual damages . . . . Only the Defendants, Google LLC and YouTube LLC, can provide information regarding the actual amount in ad revenue stolen from the Plaintiff while the Defendants continued to breach their contract with the Plaintiff, day in and day out, week in and week out, month in and month out, year in and year out, finally culminating with the complete demonetization of Plaintiff's YouTube channel and to date currently remains demonetized.

ECF No. 48 at 6–7 (quoting ECF No. 39 at 4 (citing ECF No. 31 at 6 (quoting *Bell*, 320 U.S. at 240 ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.")))). In light of this, the Court believed that Butler may not have requested actual damages for lost ad revenue in his First Amended Complaint because he was not able to calculate them, thus resorting to a request for only punitive damages. *Id.* at 7. The Court determined that it would be able to maintain jurisdiction if it is "more likely than not" that Butler's *actual* damages—in other words, his lost ad revenue—exceed $75,000. *Id.* (quoting *Gibson v. Am. Cyanimid Co.*, No. 07-C-358, 2007 WL 1725233, at *1 (E.D. Wis. June 12, 2007)). From the face of Butler's First Amended Complaint, the Court was not able to make that determination. *Id.*

Thus, the Court ordered the parties to engage in limited and expedited jurisdictional discovery regarding any actual lost ad revenue. *Id.* (quoting *LaSusa v. Lake Michigan Trans-Lake Shortcut, Inc.*, 113 F. Supp. 2d 1306, 1310 (E.D. Wis. 2000) (ordering jurisdictional discovery as to the

amount in controversy because "[a]s there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.")). The Court ordered the parties to serve upon one another three (3) interrogatories and three (3) document requests tailored to the narrow issue of the amount of Butler's actual lost ad revenue and to file accounting statements summarizing the same by June 16, 2022. *Id.* at 7–8. The Court further ordered that such limited jurisdictional discovery address a disclosure of the gross amount of ad revenue from Butler's YouTube channel, as well as Butler's proportionate share of the gross amount of ad revenue, for each month from 2016 through the present. *Id.*

On May 10, 2022, Butler submitted his accounting statement, in which he avers that he "cannot in any way, shape or form provide information regarding the actual amount in ad revenue shares the Defendants intentionally kept from the Plaintiff." ECF No. 53 at 1. Butler's accounting statement further provides a grid indicating that his lost ad revenue is undeterminable for each month in question. *Id.* at 2. On May 20, 2022, Butler filed with the Court his response to Defendants' jurisdictional document requests. ECF No. 56. The response includes Butler's personal banking statements from 2017 through 2020, redacted to remove personal information and deposits from entities other than Defendants. *Id.* at 1. It also includes Butler's Google AdSense revenue information from 2016 through 2021. *Id.* Butler alleges that the direct deposits reflect only 2017 through 2020 because

> No direct deposits were made by Google LLC in 2016 beginning 08/24/2016 due to the $100 threshold not being reached until the month of January 2017. No direct deposits were made by Google LLC after 12/21/2020 due to the $100 threshold not being reached prior to 09/03/2021.

*Id.* Butler's banking statements reveal that he earned approximately $100.00 in net ad revenue every few months during the relevant timeframe. ECF No. 56-1 at 1–5. This totals approximately $538.76 paid by Defendants to Butler during the relevant timeframe. *Id.*; ECF No. 62 at 1. Butler's Google AdSense revenue information indicates that he had a month-end balance of gross ad revenue ranging from approximately $2.00 to approximately $116.00 for each month during the relevant timeframe. ECF No. 56-1 at 6–13. This totals approximately $3,500.00 for the entirety of the relevant timeframe, by the Court's calculation, though it is unclear to the Court whether the "month-end balance" refers to revenue earned each month, or the balance left in the account each month (after accounting for withdrawals, deposits, etc.). *Id.*

Defendants filed their accounting statement on June 16, 2022. ECF No. 62. Therein, Defendants provide a chart that accounts for the month-by-month gross amount of ad revenue earned by Butler's YouTube channel and the net amount paid to Butler. *Id.* The chart reveals that Butler's channel earned a gross amount of $873.75 during the relevant timeframe, with $480.39 paid to Butler. ECF No. 62-1. In his response to Defendants' accounting statement, Butler maintains that the Court has subject matter jurisdiction over his claims because he requests $25,000,000 in punitive damages. ECF No. 63 at 2–3. The Court has already noted, however, in its May 5, 2022 order, ECF No. 48, and again herein, why the recovery of punitive damages is barred. Butler also alleges in his response that the digital evidence he submitted to the Court, which includes screenshots and recordings of his YouTube channel, indicate that his videos were improperly flagged. *Id.* (citing digital evidence at ECF Nos. 1, 5). That may be the case, but the merits of Butler's claims—i.e., whether his videos were

improperly flagged—are not before the Court in its review of subject matter jurisdiction.

Despite the minor differences between the parties' respective accounting statements, no matter how the numbers are added up, it is wholly clear to the Court that it is "more likely than not" that Butler's actual damages—in other words, his lost ad revenue—do not exceed the jurisdictional minimum of $75,000. *Gibson*, 2007 WL 1725233, at *1. The Court has sought, and exhausted, multiple avenues to ensure that it has jurisdiction to hear Butler's claims. At this juncture, however, and based upon the record before it, the Court must dismiss this action without prejudice for lack of subject matter jurisdiction.

The Court additionally finds that any further pleading amendment of the defamation claim, as to punitive damages, would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chic. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (leave to amend after granting a motion to dismiss should be denied if it is "certain from the face of the complaint that any amendment would be futile"). Even if Butler did plausibly allege express malice, the U.S. Supreme Court requires courts, when awarding damages, to review the ratio between punitive damages and actual harm suffered. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996). Wisconsin courts have no set ratio for what is appropriate under the teachings of *BMW*, but in reviewing the ratio of punitive damages to compensatory damages, it is legally certain that an approximately 75:1 ratio (as would be the case here) would be excessive. "[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process [and] [e]ven a punitive damages award of just four times compensatory

damages can come close to the line of violating due process." *Kimble v. Land Concepts, Inc.*, 845 N.W.2d 395, 410 (Wis. 2014) (internal quotations omitted).

The Court finally addresses a few points that Butler raises in his response to the Court's May 5, 2022 order, which ordered jurisdictional discovery. ECF No. 48. The day after the Court issued the order, on May 6, 2022, Butler filed a response to the order, wherein he listed, *inter alia*, reasons why he believes the Court is "attempt[ing] to block the Plaintiff's evidence never to be witnessed by a fair, unbiased and impartial jury." ECF No. 49 at 1. Butler contends that the Court delayed in deciding his motion to proceed *in forma pauperis*, ECF No. 2, as well as his motion for default judgment, ECF No. 18. In other filings, Butler has expressed frustration with the fact that the PACER page for his lawsuit, for some time, listed the underlying "cause" as a federal question (rather than diversity) and incorrectly listed his amount in controversy as $25,000 (rather than $25,000,000). *See, e.g.*, ECF No. 39 at 4.

The Court is sympathetic to Butler's grievances regarding court procedure. However, first, a nine-month wait to receive an order from the Court is not ideal, but certainly not outside the norm. Second, the PACER clerical errors have since been corrected and, at any rate, the Court has consistently acknowledged that Butler filed his lawsuit seeking $25,000,000 in punitive damages based on diversity of citizenship. *See, e.g.*, ECF No. 31. In other words, the clerical PACER notations did not in any way obscure the Court's understanding of Butler's claims. The Court also reminds Butler that it is not only his motion for default judgment that has remained open on the docket pending the Court's inquiry into its subject matter jurisdiction, but also both of Defendants' motions to dismiss.

**4.      CONCLUSION**

Based upon the foregoing, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

**IT IS FURTHER ORDERED** that Butler's motion for default judgment, ECF No. 18, Google and YouTube's motion to dismiss, ECF No. 25, and Alphabet's motion to dismiss, ECF No. 51, be and the same are hereby **DENIED** as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2022.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge